MR. JUSTICE MORRISON,
dissenting:
The majority opinion is a mystery. First, reliance is placed upon Estate of Roulet (Cal. 1979), 23 Cal. 3d 219, 152 Cal. Rptr. 425, 590 P.2d 1, wherein the California Supreme *455 Court eloquently stated that freedom was openly on trial in a civil commitment proceeding. The California Court held that, where liberty is at stake, as in a civil commitment proceeding, constitutional rights attach affording right to a unanimous jury verdict and “proof beyond a reasonable doubt.”
In rejecting Shennum’s contention that he is entitled to a unanimous jury verdict and a requirement that the State prove the case beyond a reasonable doubt, the majority then distinguishes the Roulet case. The majority states:
“Shennum cites the rule in California which is as he contends, but California has no controlling statute. We are controlled by the provisions of Sections 53-21-126, MCA, which sets out the standard of proof in any hearing and which also provides on trial by jury, two-thirds must concur in the finding that the respondent is seriously mentally ill. The statute further provides that the trial shall be governed by the Montana Rules of Civil Procedure.”
First of all, the majority is wrong. The California case did involve the constitutionality of California statutes which allowed the taking of liberty in a “civil commitment” proceeding without benefit of due process guarantees afforded criminal suspects. Secondly, elementary constitutional law teaches that statutes in conflict with the Constitution cannot stand. Therefore, if constitutional rights attach to one threatened with loss of liberty in a “civil commitment” proceeding, then statutes in conflict with those rights must necessarily fall.
The majority further confuses the issue by saying:
“It is apparent from the commitment statutes that the intention of the Legislature is that a person charged will be advised of his Constitutional rights and other rights before an order for his mental evaluation by a professional person is made.” (Emphasis added.)
Again, it seems elemental that if constitutional rights have attached they must be fully accorded, the statutes notwithstanding. The majority seems to concede that Shennum has *456 constitutional rights where his liberty is threatened and yet seems to say those rights are defined in the statutes. Nonsense.
Shennum, facing a deprivation of liberty in a civil commitment proceeding, should be entitled to the panoply of constitutional rights afforded an accused. These include the right to remain silent, the right to counsel, unanimous jury verdict and requiring the State to prove the case beyond a reasonable doubt.
The majority result is unclear. The case is unusual for there is nothing to retry. Shennum is no longer incarcerated. I would simply hold that what went before is a nullity and the statutes which conflict with well established constitutional principles are void.
MR. JUSTICE SHEA dissents and will file a written dissent later.